IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01320–CMA–KMT

MATTHEW EGGERT, a minor by and through is Next Friend, Susan Ann Eggert,
MEGAN DAWN LUTZ, individually and on behalf of the Estate of Robert Eggert, and
MELISSA MARIE EGGERT, individually,

    Plaintiffs,

v.

CHAFFEE COUNTY, COLORADO,
The BOARD OF COMMISSIONERS OF CHAFFEE COUNTY,
TIM WALKER, individually and in his official capacity as Sheriff of the Chaffee County Sheriff's Office,
JACKSON MATNEY, individually and in his official capacity as a Deputy Sheriff of the Chaffee County Sheriff's Office,
NOAH STEPHENSON, individually and in his official capacity as a Deputy Sheriff of the Chaffee County Sheriff's Office,
SPENCER BLADES, individually and in his official capacity as a Deputy Sheriff of the Chaffee County Sheriff's Office,
RUSSELL PRENTISS, individually and in his official capacity as a Deputy Sheriff of the Chaffee County Sheriff's Office,
CITY OF SALIDA, COLORADO,
RANDY CARRICATO, individually, and in his official capacity as a Police Officer for the City of Salida Police Department,
STEVE MARLOW, individually, and in his official capacity as a Police Officer for the City of Salida Police Department,
STATE OF COLORADO, acting through the Division of Probation Services,
TRACY MICHELLE SENTER, individually, and in her official capacity as a Probation Officer of the State of Colorado for the 11th Judicial District,
KATY POST, individually, and in her official capacity as a Probation Officer of the State of Colorado for the 11th Judicial District.,

    Defendants.

**ORDER**

This matter is before the court on a "Motion to Stay all Proceedings Pending Immunity Determinations" by Defendants Walker, Matney, Stephenson, Blades, Prentiss, Carricato, Marlow, the State of Colorado, Senter and Post (Doc. No. 29 [Mot.]), Plaintiffs' Response (Doc. No. 37 [Resp.]) and Defendants' Reply (Doc. No. 39).[1] These defendants seek to stay all further proceedings, including the September 16, 2010 Scheduling Conference and associated deadlines, pending a ruling on their Eleventh Amendment and qualified immunity defenses. (Mot. at 2-3.) Plaintiffs oppose the stay on the grounds that not all the defendants are entitled to raise an immunity defense and the individual defendants cannot assert qualified immunity in their official capacities. (Resp. at 5.) For the reasons that follow, Defendants' Motion to Stay is granted.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of

---

[1] Defendants Chaffee County, Colorado, Board of Commissioners of Chaffee County, Tim Walker, Jackson Matney, Noah Stephenson, Spencer Blades, and Russell Prentiss (the Chaffee County Defendants) filed a motion to dismiss on August 2, 2010, in which the individuals Matney, Stephenson, Blades, and Prentiss assert qualified immunity as grounds for dismissal. (Doc. No. 27.) On August 2, 2010, Defendants the State of Colorado, Tracy Michelle Senter, and Katy Post (the State Defendants) also filed a motion to dismiss raising Eleventh Amendment immunity as a defense to suit against the State and against individuals Senter and Post in their official capacities. (Doc. No. 28.) Defendants City of Salida, Randy Carricato and Steve Marlow (the City Defendants) filed their motion to dismiss on August 11, 2010, in which the individuals Carricato and Marlo also assert qualified immunity as grounds for dismissal. (Doc. No. 31.) In the present motion, attorneys for all three groups of defendants jointly move on behalf of Walker, Matney, Stephenson, Blades, Prentiss, Carricato, Marlow, the State of Colorado, Senter and Post to stay all proceedings.

2

disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir.1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered: 1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiffs oppose a stay on various grounds. First, they argue that not all the defendants are entitled to assert an immunity defense and the individual defendants cannot assert qualified immunity in their official capacities. (*See* Resp. at ¶ 15.) As a result, Plaintiffs view two

4

alternatives.  On the one hand, Plaintiffs suggest that, even assuming that immunity is granted, the proceedings will continue against the individually named defendants in their official capacities and against the entities not entitled to raise an immunity defense, including the City of Salida and the Board of County Commissioners of Chaffee County.  (*Id.* at ¶ 17.)  Accordingly, Plaintiffs seem to argue that if these defendants will not be able to avoid the burdens of litigation in their individual capacities, the stay should be denied in its entirety.  On the other hand, Plaintiffs implicitly acknowledge that the caselaw supports a stay pending resolution of the immunity issue, but urge that the courts have allowed discovery to proceed as to other defendants and claims not associated with the claim of immunity.  (*Id.* at ¶ 11.)

Neither alternative offered by Plaintiffs is viable.  The first ignores well-established precedent supporting a stay of discovery and other proceedings when a defendant raises certain immunity defenses.  *See, e.g*, *Harlow*, 457 U.S. at 817-18 (holding that "until the threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow*) (noting that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery); *Siegert*, 500 U.S. at 232 (citing *Harlow*) (same); *Workman*, 958 F.2d at 335-36 (citing *Harlow* and *Siegert*) (same).

The second relies on unpersuasive precedent and ignores the principles underlying the immunity defense.  In *Starr v. City of Lakewood*, 08-cv-01390-WYD-KLM, 2008 WL 4097467 (D. Colo. Sept. 4, 2008) (unpublished), cited by Plaintiffs, one defendant raised absolute immunity as a defense and sought a stay.  Although it is unclear whether the defendant requested

5

a stay of all proceedings or just those against himself, the court only granted the stay as to the moving defendant. *Id.* at *2. This unpublished disposition was entered before the Supreme Court's decision in *Iqbal*. There, the Court indicated in dicta that, in a suit with multiple defendants, only some of whom assert an immunity defense, all discovery should be postponed pending a ruling on immunity. *See Iqbal*, 129 S. Ct. at 1953 (explaining that "when discovery as to the other parties proceeds, it would prove necessary for [the parties asserting immunity] to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position [and] even if they are not themselves subject to discovery orders, they would not be free from the burdens of discovery").

Second, Plaintiffs argue that a complete stay is only appropriate if the pending motion in which immunity is asserted will dispose of the entire action. (Resp. at ¶ 17.) Plaintiffs cite *Nankivil*, a case which this court has cited in acknowledging that, although generally a stay of all discovery is disfavored, it may be appropriate when resolution of a preliminary motion may dispose of the entire case. *See supra* at 4. While this general proposition is true, the immunity context is unique. Because qualified and absolute immunity are not only defenses to liability but are intended to protect the defendant asserting immunity from the ordinary burdens of litigation, and because a stay as to some defendants but not others does not relieve the defendant asserting immunity from the burdens of litigation, a stay of all proceedings is appropriate when an immunity defense is asserted. Moreover, my review of the motions to dismiss suggests that they could be dispositive of the entire action.

Third, Plaintiffs urge the court to reject a stay of all proceedings and to allow Plaintiffs to obtain discovery in order to adequately respond to Defendants' motions to dismiss. (Resp. at ¶ 23-24.) Plaintiffs misapply the law to this case. Although courts have acknowledged the appropriateness of limited discovery after the defense of qualified immunity is asserted, this has occurred where the defense is raised in a motion for summary judgment on contested factual assertions. *See Crawford-El*, 523 U.S. at 593 n.14 (citing *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987)); *see also Rome v. Romero*, 225 F.R.D. 640, 643-44 (D. Colo. 2004). When ruling on a motion to dismiss, the court's evaluation is based on the well-pleaded allegations in the complaint. *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted). Because Defendants argue for dismissal of Plaintiffs' claims on the basis of the complaint, there is no need for discovery of matters outside the pleadings in order for Plaintiffs to respond.[2]

---

[2] Plaintiffs complain that defendants ask the court to consider alleged facts outside the complaint, but then seek to limit Plaintiffs' ability to refute those facts by asking the court to prohibit discovery and stay the proceedings. (Resp. at ¶ 24.) Plaintiffs apparently refer to an order from a state court proceeding attached to the State Defendants' motion to dismiss. (*See* Doc. 28.) A court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (declining to recharacterize the defendants' motion as a motion for summary judgement because the court only needed to consider the allegations in the complaint and those in a prior suit).

With regard to the five factors this court has considered in deciding whether to stay discovery, Plaintiffs urge that they have an interest in proceeding expeditiously. (Resp. at ¶ 19.) The case arises out of the jail suicide death of Robert Eggert on June 14, 2010. (*Id.* at ¶ 1.) The decedent's children, who are plaintiffs in the suit, have been "traumatized by their father's death and are seeking resolution, justice and closure." (*Id.* at ¶ 19.) Plaintiffs also assert that any delay in discovery will prejudice them by making it difficult to locate potential witnesses who were incarcerated with Mr. Eggert at the time of his death. (*Id.*)

While Plaintiffs desire to proceed expeditiously is understandable, it does not outweigh the burden on the defendants who have asserted immunity defenses. Because qualified immunity is intended to protect the official from "the burdens of litigation," the benefit of the defense is lost if discovery is allowed to proceed. *See Iqbal*, 129 S. Ct. at 1953. The alternative urged by Plaintiff, a partial stay only as to those defendants asserting immunity defenses, would not relieve the defendants of this burden. *See id.* Moreover, the court has no reason to believe that potential witnesses will be lost if discovery is temporarily stayed pending a ruling on the motions to dismiss.

Citing Canon 3A(5) of the Code of Conduct for United States Judges, which urges efficient and expeditious resolution of cases, Plaintiffs suggest that there is no convenience to the court if a stay is granted. (Resp. at ¶ 21.) To the contrary, the motions to dismiss could be dispositive of the case while the alternative, piecemeal discovery involving only some defendants on some issues, promises to embroil the court in duplicative discovery and discovery

disputes regarding what discovery is allowed. It is more efficient and convenient to stay the entire proceedings.

On the point of public interest and the interests of third parties, Plaintiffs contend that the community of Salida, Colorado also has an interest in the expeditious progression of this proceeding. (Resp. at ¶ 22.) Plaintiffs assert that the community is concerned about the Chaffee County Sheriff's Department and the administration of the jail due to a suicide prior to Mr. Eggert's death and another one subsequent to Mr. Eggert's death. While these are valid public concerns, there is also a public interest in conserving public resources and the efficient functioning of government. Indeed, these are fundamental principles underlying the defense of qualified immunity and supporting a stay of proceedings when that defense is asserted. *See Iqbal*, 129 S. Ct. at 1953; *Harlow*, 457 U.S. at 817 n. 29.

The court finds that a stay of all proceedings is appropriate in this case to protect the defendants who have asserted immunity defenses from the burdens of litigation.

It is therefore **ORDERED**

Defendants' "Motion to Stay all Proceedings Pending Immunity Determinations" (Doc. No. 29.) is **GRANTED**. This court's Scheduling Order (Doc. No. 3.), entered on June 22, 2010, and attendant deadlines are vacated. Discovery shall be stayed pending a ruling by the District Court on the Motions to Dismiss filed by Defendants.

It is further **ORDERED**

The parties shall file a status report within ten days of a ruling on the Motions to Dismiss if a scheduling conference needs to be set.

**Dated this 25th day of August, 2010.**

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge