**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01320-CMA-KMT

MATTHEW EGGERT, a minor by and through his Next Friend, SUSAN ANN EGGERT
MEGAN DAWN LUTZ, individually and on behalf of the Estate of Robert Eggert, and
MELISSA MARIE EGGERT,

Plaintiffs,

v.

CHAFFEE COUNTY, COLORADO and the BOARD OF COMMISSIONERS OF
CHAFFEE COUNTY,
TIM WALKER,
WILLIAM PALMER, JR.,
JACKSON MATNEY,
NOAH STEPHENSON,
SPENCER BLADES,
RUSSELL PRENTISS,
CITY OF SALIDA, COLORADO,
RANDY CARRICATO,
STEVE MARLOW,

Defendants.

---

## ORDER ON MOTIONS TO DISMISS

---

This matter comes before the Court on a Motion to Dismiss (Doc. # 27), filed by Chaffee County, Board of Commissioners of Chaffee County, Tim Walker, Jackson Matney, Noah Stephenson, Spencer Blades, and Russell Prentiss (“Chaffee County Defendants”), a Motion to Dismiss (Doc. # 28), filed by Tracy Senter, Katy Post and the State of Colorado (“State Defendants”), and a Motion to Dismiss Asserting Qualified Immunity (Doc. # 31), filed by Randy Carricato, Steve Marlow and the City of Salida (“City Defendants”).

# I. BACKGROUND

## A. FACTS

The Complaint (Doc. # 1) was filed on June 8, 2010, after Robert Eggert's death in Chaffee County Jail. Plaintiffs are the children of Mr. Eggert. The Complaint alleges that on June 13, 2008, Defendants Tracy Senter and Katy Post, both probation officers for the State of Colorado, were investigating alleged probation violators. Mr. Eggert was approached by Defendants Senter and Post at a bar. They directed Defendants Randy Carricato and Steve Marlow, City of Salida police officers, to perform a breath test on Mr. Eggert. The result of the breath test was 0.294. Senter and Post directed Carricato and Marlow to arrest Mr. Eggert for consuming alcohol in violation of his probation.

Upon arresting Mr. Eggert, Defendant Carricato transported him to the Chaffee County Jail. At no time was Chaffee County Jail informed of Mr. Eggert's blood alcohol content ("BAC") of 0.294. Chaffee County Jail has a policy that any detainee with a BAC over 0.20 must be medically cleared before he is admitted to the facility. Mr. Eggert was not given a breath test in the Chaffee County Jail, nor was he medically cleared prior to being admitted to the facility.

After being booked into Chaffee County Jail, Mr. Eggert allegedly made numerous statements. He allegedly told Defendants Noah Stephenson and Russell Prentiss, both Deputy Sheriffs with the Chaffee County Sheriff's Office, and Carricato that he would not spend the night in jail and complained about the criminal justice system. At some point, Defendants Stephenson and Prentiss decided to place

Mr. Eggert in a visitation room. Defendant Prentiss asked and received permission from Defendant Jackson Matney, a Deputy Sheriff with the Chaffee County Sheriff's Office, to place Mr. Eggert in a visitation room, which contained a telephone with a long metal cord.

After being placed in the visitation room, Mr. Eggert was escorted to the restroom by Defendant Spencer Blades. Mr. Eggert was returned to the visitation room and left unattended. During the early morning hours of June 14, Mr. Eggert was found dead with the telephone cord wrapped around his neck.

**B. PROCEDURAL HISTORY**

On June 9, 2010, Plaintiffs filed a Complaint in this Court alleging: (1) a violation of constitutional rights under 42 U.S.C. § 1983 against all Defendants, (2) constitutional violations under 42 U.S.C. §1983 against Chaffee County, the City of Salida, and the State of Colorado, and (3) conspiracy under 42 U.S.C. §1985. Specifically, Plaintiffs allege that Defendants acted with deliberate indifference and engaged in reckless, extreme and outrageous conduct so as to deprive Plaintiffs and Mr. Eggert of their First, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendment Rights. Plaintiffs also allege that the policies and customs of Chaffee County, the City of Salida, and the State of Colorado represent deliberate indifference to the rights and interest of their citizens.

On August 2, 2010, Defendants Chaffee County, Board of Commissioners of Chaffee County, Tim Walker, Jackson Matney, Noah Stephenson, Spencer Blades, and Russell Prentiss filed "Motion to Dismiss from Chaffee County Defendants" arguing that

they are entitled to qualified immunity. (Doc. # 27.) Plaintiffs responded on October 1, 2010 (Doc. # 42), and Chaffee County Defendants replied on November 12, 2010 (Doc. # 55). On August 2, 2010, Defendants Tracy Senter, Katy Post and the State of Colorado filed "State Defendants' Motion to Dismiss" arguing that they are entitled to both sovereign immunity and qualified immunity. (Doc. # 28.) On October 1, 2010, Plaintiffs filed a "Notice of Voluntary Dismissal of all Claims Asserted Against the State Defendants" (Doc. # 46). On August 11, 2010, Defendants Randy Carricato, Steve Marlow, and the City of Salida filed "City Defendants' Motion to Dismiss Asserting Qualified Immunity." (Doc. # 31.) Plaintiffs responded on October 1, 2010 (Doc. # 44) and City Defendants replied on November 12, 2010 (Doc. # 53).

On March 4, 2011, the Court granted Chaffee County Defendants' "Unopposed Motion to Substitute Party for Official Capacity Claims only Against the Sheriff of Chaffee County from Chaffee County Defendants."[1] (Doc. # 59.)

[1] Chaffee County Defendants stated that Tim Walker was no longer Sheriff of Chaffee County and had been replaced by William Palmer, Jr.. Chaffee County Defendants requested to substitute William Palmer in his official capacity for the official capacity claims against former Sheriff Tim Walker.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Motions to dismiss are reviewed under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. ANALYSIS

Defendants seek dismissal of the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) Defendants are entitled to qualified immunity, and (2) Plaintiffs have failed to state an actionable claim.

#### 1. Qualified Immunity

Plaintiffs allege that all Defendants violated their and Mr. Eggert's First, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights. Chaffee County Defendants and City Defendants seek dismissal on grounds that they are entitled to qualified immunity.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Once a defendant has asserted the defense of qualified immunity, the plaintiff must demonstrate that the defendant violated a constitutional right and that the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Plaintiffs have included all the alleged constitutional violations in their first claim for relief against all Defendants, *i.e.,* Plaintiffs do not indicate which Defendant(s) allegedly committed which particular constitutional violation. Plaintiffs merely state, "the acts and omissions of the Defendants described herein were done with deliberate indifference such as to deny Plaintiffs and the decedent, Robert Eggert, their rights." (Doc. # 1 at 8.) This statement is followed by fourteen alleged constitutional violations. As discussed below, the Court finds that Plaintiffs have failed to allege facts that demonstrate any constitutional violations. Therefore, Defendants are entitled to qualified immunity as to all of Plaintiffs' claims.

*a. Fourth Amendment Claim*

Plaintiffs alleged that Defendants Katy Post and Tracy Senter unlawfully seized Mr. Eggert by requiring him to submit to a breath test without probable cause or a warrant. As noted above, Plaintiffs filed a "Notice of Voluntary Dismissal of Party State of Colorado, Tracy Michelle Senter and Katy Post." (Doc. # 46.) Fed. R. Civ. P. 41(a)(2) provides that after a defendant has filed a response, a plaintiff may voluntarily dismiss only upon an order of the court. Accordingly, the Court orders the State Defendants dismissed from this action with prejudice. Because the factual allegations

for this claim are specific only to the State Defendants, the Court need not address this claim further.

*b. Eighth Amendment*

Plaintiffs next allege Mr. Eggert's suicide was a violation of his Eighth and Fourteenth Amendment rights to adequate care and protection. Specifically, the Plaintiffs allege the Defendants "engaged in reckless, extreme and outrageous conduct and acted with deliberate indifference causing or contributing to the death of decedent, Robert Eggert." (Doc. # 1 at 8.)

In the Tenth Circuit, jail suicides are treated as claims based on failure of jail officials to provide medical care. *Barrie v. Grand County, Utah*, 119 F.3d 862, 866 (10th Cir. 1997). Under this framework, the plaintiff must prove that jail officials were deliberately indifferent to a substantial risk of suicide. *Id.* at 869. This circuit has previously stated that to prove deliberate indifference, the plaintiff must show: (1) actual knowledge of the specific risk of harm or that the risk was so substantial or pervasive that the knowledge can be inferred; (2) failure to take reasonable measures to avert the harm; and (3) that failure to take measures in light of the knowledge, actual or inferred, justifies liability for the attendant consequences of the conduct, even though unintended. *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994).

In *Hocker*, Ms. Hocker and her boyfriend were arrested on drug charges. *Id.* at 996. Ms. Hocker was extremely intoxicated and incoherent when she was admitted to the jail. *Id*. at 997. The jail staff was aware that Ms. Hocker was intoxicated and

indicated such in their intake notes. *Id.* Ms. Hocker committed suicide two days after her arrest while still incarcerated at the county jail. *Id.* There were no facts alleged that suggested the jail staff was aware that Ms. Hocker was a suicide risk. *Id.* at 1000. The court found that jail staff were not deliberately indifferent to the risk that Ms. Hocker would commit suicide. *Id*. The court stated that even though the jail was aware Ms. Hocker was intoxicated and incoherent, this did not give the jail staff specific knowledge that Ms. Hocker posed a specific risk of suicide. *Id.*

Although Plaintiffs have alleged that Mr. Eggert was intoxicated, intoxication itself is not enough to indicate a risk of suicide. Nothing in the facts alleged, even when taken as true, gives rise to the inference that the jail officials knew that Mr. Eggert was suicidal. In short, Plaintiffs have failed to state a claim that would allow a reasonable inference that the jail officials were deliberately indifferent.

Accordingly, no Eighth or Fourteenth Amendment violations have been demonstrated by Plaintiffs. As such, Defendants Palmer, Walker, Matney, Stephenson, Blades, Prentiss, Chaffee County and the Board of Commissioners of Chaffee County are entitled to qualified immunity on these claims.

*c. Remaining Constitutional Claims*

Plaintiffs have further alleged violations of the First, Fifth, Ninth, and Tenth Amendments of the United States Constitution based on the right to familial association. In order to assert a claim under this doctrine, Plaintiffs must allege that Defendants had

an intent to interfere with a particular relationship. *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1190 (10th Cir. 1990).

In *Griffin v. Strong*, 983 F.2d 1544 (10th Cir. 1993), the court examined the basis for the right to familial association. The court found that the right was grounded in the Fourteenth Amendment's concept of liberty. *Id.* at 1547. The court then stated that not every act that results in an interference with an intimate relationship is actionable. *Id.* at 1548. In order to rise to the level of a constitutional claim, it must be shown that the defendant directed his conduct at the intimate relationship with the knowledge that the conduct will adversely affect the relationship. *Id. (*citing *Trujillo*, 768 F.2d at 1190).

Plaintiffs have failed to plead, among other things, facts to support these claims with particularity as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs generally allege they were denied "the right to pursue the normal and customary familial relationships, which Plaintiffs have lost as a result of the death of Robert Eggert;" and "the right to comfort, companionship, love, and society of Plaintiffs' father, Robert Eggert." (Doc. #1 at 9). However, Plaintiffs have not alleged any specific intent by any Defendant to interfere with the familial relationship between Plaintiffs and Mr. Eggert. Additionally, Plaintiffs fail to place Defendants on notice as to who is responsible for what action. Although the Court has done so with respect to the Fourth and Eighth Amendment claims, it is not the Court's job to parse through vague allegations. *Abdelsamed v. U.S.*, 13 F. App'x 883, 884 (10th Cir. 2001). These claims are dismissed under Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim.

2. Municipal Liability

Plaintiffs' second claim for relief is a claim for municipal liability against Chaffee County and the City of Salida. Plaintiffs assert that Defendant Chaffee County failed to have an adequate arrest, booking, or jail admission process; failed to properly assess Mr. Eggert's level of intoxication and mental stability; failed to maintain an adequate number of holding cells; and failed to adequately train deputy sheriffs. (Doc. # 1 at 11.) Plaintiffs also assert that Defendant City of Salida failed to provide sufficient information to Chaffee County Jail; failed to adequately communicate with jail staff; and failed to adequately train and supervise its officers. (Doc. # 1 at 12.) Plaintiffs assert that these failures violated Mr. Eggert's and their constitutional rights.

In order to sustain a municipal liability claim, Plaintiffs must identify a municipal policy or custom that caused the alleged constitutional violation. *Bd. of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). Because this court has dismissed Plaintiffs' claims of constitutional violations, there is no cognizable claim to which municipal liability can attach.

3. Conspiracy

Plaintiffs' final claim is a conspiracy claim under 42 U.S.C. §1985. In Plaintiffs' Response to Chaffee County Defendants' Motion to Dismiss (Doc. # 42) and Plaintiffs' Response to City Defendants' Motion to Dismiss Asserting Qualified Immunity (Doc. # 44), Plaintiffs withdrew this claim. Although Plaintiffs have made no attempt to amend their complaint, Plaintiffs seek to convert the 42 U.S.C. §1985 claim into a 42 U.S.C.

§1983 conspiracy claim. (Doc. #42 at 22 and Doc. #44 at 15). This is not the correct procedural mechanism to accomplish such a conversion. *Glenn v. First National Bank*, 868 F.2d 368, 370 (10th Cir. 1989).

Even if Plaintiffs requested and were allowed to amend their pleading, their claim would fail. Under 42 U.S.C. §1983, a claim for conspiracy requires a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among defendants, or a general conspiratorial objective. *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). Plaintiffs must allege specific facts showing an agreement and concerted action. *Id.* (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F. 3d 504, 533 (10th Cir. 1998)).

In this case, Plaintiffs allege that Defendants Chaffee County and the City of Salida conspired "for the purposes of impeding, hindering, and obstructing and defeating the course of justice in the State of Colorado with the intent to deny Plaintiffs their rights." (Doc. # 1 at 14.) Plaintiffs further allege that Defendants conspired to adopt formal and informal policies to deny Plaintiffs their rights.

These allegations lack the required factual support; rather they are merely conclusory, and conclusory allegations are insufficient to support a §1983 claim. *Tonkovich v. Kan. Bd. of Regents*, 159 F. 3d 504, 533 (10th Cir. 1998). Therefore, even if Plaintiffs had properly asserted a conspiracy claim under 42 U.S.C. §1983, the claim would fail.

## III. CONCLUSION

Based on the foregoing, the Court ORDERS:

1. That Defendants' Motions to Dismiss (Doc. ## 27, 28, 31) are GRANTED, and

2. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

DATED: March __29th__, 2011

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge